IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PEDRO CORNELIUS-MILLAN,

 Plaintiff,

  v.            CIVIL NO. 13-1873 (PAD)

CARIBBEAN UNIVERSITY, INC., et al.,

 Defendants.

OPINION AND ORDER

Delgado-Hernández, District Judge.

 Pedro Cornelius-Millan initiated this action against Caribbean University, Inc.; its president, Ana E. Cucurella-Adorno; its Academic Director in the Ponce Campus, Sonia Pacheco-Collado; and Luis R. Estades-Maldonado, a faculty member, seeking redress under Section 1983 of the Civil Rights Act, 42 U.S.C. § 1983; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq*.; and state law.

 Before the Court are (1) Estades-Maldonado's "Motion for Judgment on the Pleadings" (Docket No. 29), which he supplemented (Docket No. 31); and (2) Caribbean University, Pacheco-Collado, and Cucurella-Adorno's "Motion for Judgment on the Pleadings and Memorandum of Law in Support Thereof" (Docket No. 30).  Cornelius filed an omnibus opposition (Docket No. 36), and the defendants replied (Docket Nos. 40 and 41).  For the reasons explained below, the motions are GRANTED IN PART and DENIED IN PART.

I.  **BACKGROUND**

 Cornelius, a 58 year-old Afro-American student of Caribbean University, alleges to have been verbally and physically assaulted by Estades on account of his race (Docket No. 3 at ¶ 3.9-4.1).  The day of the assault he complained of Estades to Pacheco.  Id. at ¶ 4.2(1).  Three days later

Cornelius-Millán v. Caribbean University, et al.
Civil No. 13-1873 (PAD)
Opinion and Order
Page 2

he was expelled from the University.  Then, Cucurella upheld the expulsion.  Id. at ¶¶ 4.2(2), 4.3.

Defendants denied liability, and now move for a judgment on the pleadings under Fed. R. Civ. P.

12(c).

## II.   STANDARD OF REVIEW

The standard of review of a motion for judgment on the pleadings under Fed. R. Civ. P.

12(c) is the same as that for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Frappier v.

Countrywide Home Loans, Inc., 750 F.3d 91, 96 (1st Cir. 2014); Marrero-Gutierrez v. Molina, 491

F.3d 1, 5 (1st Cir. 2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must allege a plausible

entitlement to relief.  Rodríguez-Vives v. Puerto Rico Firefighters Corps., 743 F.3d 278, 283 (1st

Cir. 2014); Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013); Rodríguez-

Ortiz v. Margo Caribe, 490 F.3d 92, 95 (1st Cir. 2007).  Plausibility involves a context-specific

task calling on courts to examine the complaint as a whole, separating factual allegations (which

must be accepted as true) from conclusory allegations (which need not be credited).  García-

Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013); Morales-Cruz v. Univ. of P.R., 676

F.3d 220, 224 (1st Cir. 2012).

The plaintiff does not have to allege every fact necessary to successfully resist summary

judgment or to win at trial.  Rodríguez-Reyes, 711 F.3d at 53-54; Rodríguez-Vives, 743 F.3d at

286.   All reasonable inferences must be drawn in his favor.  Foley v. Wells Fargo, 772 F.3d 63,

68 (1st Cir. 2014); García-Catalán, 734 F.3d at 103.  If, so construed, the combined allegations

plead facts that are merely consistent with a defendant's liability, they stop short of the line

between possibility and plausibility of entitlement to relief.  Soto-Torres v. Fraticelli, 654 F.3d

153, 158-159 (1st Cir. 2011).  Measured against these standards, partial dismissal is appropriate.

Cornelius-Millán v. Caribbean University, et al.
Civil No. 13-1873 (PAD)
Opinion and Order
Page 3

## III.   DISCUSSION

### A.  Section 1983

Cornelius claims entitlement to damages under Section 1983 for alleged violations of the

Due Process and Equal Protection clauses of the Fourteenth Amendment (Docket No. 3 at ¶¶ 4.7,

6.1).  A cause of action under that section requires that a state, not a private party, act to deprive

one of constitutionally protected rights.  Berríos v. Inter Am. University, 535 F.2d 1330, 1331 (1st

Cir. 1976).  Whether a private party may be considered a state actor is determined by three tests:

the state compulsion test; the public function test; and the nexus/joint action test, also known as

the symbiotic relationship test. Klunder v. Brown University, 778 F.3d 24, 30-31 (1st Cir. 2015);

Santiago v. Puerto Rico, 655 F.3d 61, 71 (1st Cir. 2011); Alberto San, Inc. v. Consejo de Titulares

del Condominio San Alberto, 522 F.3d 1, 4 (1st Cir. 2008).

The state compulsion test focuses on whether the state has exercised coercive power or has

provided such significant encouragement, either overt or covert, to the defendant for the challenged

conduct to be considered that of the State.  The public function test examines if the defendant

performed a public function that has been traditionally the exclusive prerogative of the State at the

time she engaged in the challenged conduct.  The symbiotic relationship test evaluates if the State

insinuated itself into a position of interdependence with the defendant to be considered a joint

participant in the challenged activity.  See, Estades-Negroni v. CPC Hosp. San Juan Capestrano,

412 F.3d 1, 5 (1st Cir. 2005); see also, Santiago, 655 F.3d at 68-69.

The Amended Complaint is devoid of factual allegations necessary to consider defendants

state actors under Section 1983.  It does not allege (1) they were performing a public function

traditionally linked to the State; (2) that the State coerced or provided them with encouragement;

Cornelius-Millán v. Caribbean University, et al.
Civil No. 13-1873 (PAD)
Opinion and Order
Page 4

or (3) that the State made itself interdependent to the point of becoming a joint participant of the challenged activity in any constitutionally relevant way.

Cornelius points out Caribbean University receives federal funding (Docket No. 3 at ¶ 3.2). State contributions to otherwise private entities, no matter how great those contributions may be, will not of themselves transform a private actor into a state actor. Osei v. La Salle University, 493 Fed.Appx. 292, 2012 WL 3553617 at *2 (3rd Cir. Aug. 20, 2012); Berrios, 535 F.2d at 1332, n.5. In these circumstances, the constitutional claims must be dismissed.

B. Negligence

Cornelius contends Caribbean University was negligent in failing to prevent Estades' conduct or timely remedy it (Docket No. 3 at ¶ 9.4). He argues that he was unlawfully expelled because Pacheco and Cucurella were negligent in failing to investigate the racial discrimination charge he filed against Estades. Id. at ¶ 9.2. In his view, such negligence makes the University liable to him under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5141. Id. at ¶ 9.5.

Negligence involves breach of the duty to conform to a certain standard of care. Nieves-Romero v. United States, 715 F.3d 375, 378-379 (1st Cir. 2013); Vázquez-Filippetti v. Banco Popular, 504 F.3d 43, 49 (1st Cir. 2007). The asserted injury must have been foreseeable, and, thus, could have been avoided had the defendant acted with due care. Calderón-Ortega v. U.S., 753 F.3d 250, 252 (1st Cir. 2014). Ordinarily, liability requires a demonstration that defendant had actual or constructive knowledge of the risk potentially exposing the plaintiff to harm. Id. at 253.

The Amended Complaint states that "plaintiff was submitted to a mock administrative disciplinary proceeding" that resulted in his expulsion (Docket No. 3 at ¶ 4.2(2)), and that plaintiff

Cornelius-Millán v. Caribbean University, et al.
Civil No. 13-1873 (PAD)
Opinion and Order
Page 5

appealed the decision to Cucurella, who "without any further investigation or hearing," confirmed

the expulsion.  Id. at ¶ 4.3.  These allegations are insufficient to reasonably infer a duty by Pacheco

or Cucurella to investigate Estades or even to conclude that they did not review Cornelius'

allegations of discrimination (if that is what Cornelius understands by failure to investigate).

Threadbare pleadings do not state plausible claims.  See, Sánchez v. Pereira-Castillo, 590 F.3d 31,

49 (1st Cir. 2009)(assertion that administrators were responsible for ensuring that officers under

their command followed practices and procedures that would respect plaintiff's rights and that they

failed to do so with deliberate indifference and/or reckless disregard of plaintiff's rights not enough

to state a claim).

Along the same line, the pleadings lack factual information necessary to support the notion

that Caribbean University knew or should have known that Estades (1) was discriminating against

Cornelius, (2) was likely to discriminate against him, or (3) posed a reasonable risk of assaulting

Cornelius while in academic-related activities so as to arguably put the University on notice of the

need to take action to prevent wrongful conduct and any attendant harm.  In this regard, they do

not cross the line between the conclusory and the factual to support a plausible negligence

contention against Caribbean University.  See, Woods-Leber v. Hyatt Hotels of Puerto Rico, Inc.,

124 F.3d 47, 50-51 (1st Cir. 1997)(dismissing negligence case due to plaintiff's failure to show

that defendant had knowledge of the harm-causing condition).  Consequently, the negligence claim

must be dismissed.

   C.  Title VI Claims

       Cornelius states Estades discriminated against him because of his race in violation of Title

VI of the Civil Rights Act (Docket No. 3 at ¶¶ 6.1, 6.3).  Title VI provides in part that no person

shall be subjected to discrimination on the ground of race, color or national origin under any

Cornelius-Millán v. Caribbean University, et al.
Civil No. 13-1873 (PAD)
Opinion and Order
Page 6

program or activity receiving Federal financial assistance.  42 U.S.C. § 2000d.  The statute contains

an implied private cause of action for its enforcement.  Alexander v. Sandoval, 532 U.S. 275, 279-

280 (2001); Guardians Ass'n v. Civil Serv. Comm'n of City of New York, 463 U.S. 582, 610-611

(1983).  But it does not impose individual liability.  Muthukumar v. Kiel, 478 Fed.Appx. 156, 159

(5th Cir. 2012); Whitfield v. Notre Dame Middle School, 412 Fed.Appx. 517, 521 (3rd Cir. 2011);

Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1170 n. 12 (11th Cir. 2003); Buchanan v. City of

Bolivar, Tenn., 99 F.3d 1352, 1356 (6th Cir. 1996).  Thus, plaintiff's claim against Estades must

be dismissed.

Cornelius contends Title VI was violated because he was expelled from the University in

retaliation for having complained of discrimination (Docket No. 3 at ¶ 7.2).  Caribbean University

argues that the Title VI action fails because Cornelius has not made reference to the federally

funded program or activity to which he was denied access or was discriminated against on account

of his race (Docket No. 30 at p. 9).

In this context, the term "program or activity" means all the operations of a college,

university, or other postsecondary institution, or a public system of higher education, any part of

which is extended federal financial assistance.  See, 42 U.S.C. § 2000d-4a (defining the term).

The Amended Complaint alleges Cornelius was expelled from a university that receives federal

financial assistance (Docket No. 3 at ¶ 3.2).  At this stage, the allegations are sufficient to withstand

dismissal.  See, Hajjar-Nejad v. George Washington University, 37 F.Supp.3d 90, 124 (D.D.C.

2014)(assuming under Fed. R. Civ. P. 56 that defendant's medical school was covered by Title

VI).

Caribbean University maintains Cornelius failed to raise a plausible retaliation claim

(Docket No. 40 at p. 2).  Title VI's discrimination prohibition has been held to include an implicit

Cornelius-Millán v. Caribbean University, et al.
Civil No. 13-1873 (PAD)
Opinion and Order
Page 7

prohibition on retaliation based on opposition to practices that Title VI forbids. Peters v. Jenney, 327 F.3d 307, 320-321 (4th Cir. 2003)(so recognizing); Kimmel v. Gallaudet University, 639 F.Supp.2d 34, 42-43 (D.D.C. 2009)(same). To state a *prima facie* case of retaliation, plaintiff must allege (1) participation in protected activity; (2) to have been subjected to an adverse action; and (3) a causal connection between the activity and the action. Peters, 327 F.3d at 320. See also, Lebrón v. Commonwealth of Puerto Rico, 770 F.3d 25, 31 (1st Cir. 2014)(using the same basic framework to assess retaliation claim under Individuals with Disabilities Education Act); Soto-Feliciano v. Villa Cofresí, 779 F.3d 19, 27 (1st Cir. 2015)(same with respect to Age Discrimination in Employment Act); Collazo-Rosado v. University of Puerto Rico, 765 F.3d 86, 92 (1st Cir. 2014)(same as to Americans with Disabilities Act).

The *prima facie* case standard is an evidentiary standard, not a pleading standard, and there is no need to set forth a detailed evidentiary proffer in a complaint. Carrero-Ojeda v. Autoridad de Energía Eléctrica, 755 F.3d 711, 718 (1st Cir. 2014). Yet, its elements are relevant to the plausibility assessment, for those elements are part of the background against which a plausibility determination should be made. Id.

In this case, the pleadings state that on February 12, 2013, Cornelius complained to the University's Director of Academic Affairs that a professor had discriminated against him because of his race, assaulted him, and directed racial epithets and slurs at him (Docket No. 3 at ¶¶ 4.1, 4.2(1)).[1] Taking these allegations as true, he complained of practices that Title VI prohibits. By doing so, he engaged in protected activity. And on February 15, 2013, he was expelled from the University. Id. at ¶¶ 4.2(2), 4.3. Such a close temporal proximity between protected activity and

---

[1] The Amended Complaint states that Estades referred to Cornelius as "cocky negro" (Docket No. 3 at ¶¶4.0, 4.1).

Cornelius-Millán v. Caribbean University, et al.
Civil No. 13-1873 (PAD)
Opinion and Order
Page 8

an adverse action like expulsion gives rise to a plausible inference that a prohibited motive

underpinned the firing, and suffices to allow the retaliation claim to move forward.[2]

    D. <u>Slander</u>

    Cornelius asserts that Estades slandered him, falsely calling him a homosexual and little

woman in front of other persons (Docket No. 3 at ¶¶ 8.2-8.3).  Estades argues dismissal is

warranted because the allegations (1) do not identify the persons who heard the comment, and (2)

are not specific on how Cornelius' reputation and professional standing in the community were

damaged (Docket No. 29 at p. 16).

    The pleadings here do not require that level of specificity.  <u>Rodríguez-Reyes</u>, 711 F.3d at

53-54; <u>Rodríguez-Vives</u>, 743 F.3d at 286.  They contain enough detail to provide fair notice of

what the claim is and the grounds upon which it rests.  <u>Silverstrand Investments</u> v. <u>AMAG</u>

<u>Pharmaceuticals, Inc.</u>, 707 F.3d 95, 101 (1st Cir. 2013); <u>Ocasio-Hernández</u> v. <u>Fortuño-Burset</u>, 640

F.3d 1, 12 (1st Cir. 2011).  For that reason, the information that Estades refers to may be obtained

during discovery, and subsequently linked to a more refined legal argument explaining why it

justifies dismissal of the slander action against him.  At this point in the litigation, however, the

remedy he has asked for must be denied under Fed. R. Civ. P. 12(c).  <u>See</u>, <u>Méndez-Arocho</u> v. <u>El</u>

<u>Vocero</u>, 130 D.P.R. 867, 870-871 (1992)(libel claim predicated on assertion that plaintiffs' relative

was homosexual).

## IV.    <u>CONCLUSION</u>

    In view of the foregoing, the motions seeking dismissal are GRANTED IN PART AND

DENIED IN PART.  The Section 1983 claims against all defendants; the Title VI action against

---

[2] <u>See</u>, <u>Soto-Feliciano</u>, 779 F.3d at 26-27 (noting that a suspension less than two weeks after allegedly discriminatory remarks provides support for the inference that a discriminatory motive explains the subsequent suspension).

Cornelius-Millán v. Caribbean University, et al.
Civil No. 13-1873 (PAD)
Opinion and Order
Page 9


Estades; and the negligence claim against Caribbean University under Article 1802 of the Puerto

Rico Civil Code are DISMISSED.  The Title VI retaliation claim against Caribbean University;

and the slander action against Estades REMAIN.

**SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of April, 2015.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO HERNANDEZ
U.S. DISTRICT JUDGE
